A91A0467. INTERSOUTH PROPERTIES, INC. et al. v. CONTRACTOR EXCHANGE, INC.
(405 SE2d 764)

BIRDSONG, Presiding Judge.
Richard S. Blumenfeld and Intersouth Properties, Inc. (collectively "Intersouth") appeal from the grant of summary judgment to

The Contractor Exchange, Inc. ("the Exchange") in the Exchange's suit on an open account. Intersouth alleges that the trial court erred by denying its motion to withdraw admissions (see OCGA § 9-11-36 (b)) and by granting summary judgment to the Exchange.

The record shows that the Exchange filed suit against Intersouth Properties, Inc., as the debtor, and Richard S. Blumenfeld, as guarantor, on January 22, 1990, and service of the summons, complaint, and attached interrogatories, requests for production of documents, and requests for admissions directed to both defendants, was perfected on both defendants on February 2, 1990. Although the defendants filed a joint answer on March 1, 1990, denying liability, neither defendant timely filed *any* response to *any* of the discovery.

On June 8, 1990, the Exchange filed a motion for summary judgment which was supported by the requests for admission which were admitted by operation of law. On June 21, 1990, without first seeking authority to withdraw its admissions, Intersouth attempted to file a response to the Exchange's requests for admissions. On July 10, 1990, Intersouth filed a request for oral argument and response to the Exchange's motion for summary judgment, and on July 18, 1990, filed its motion to withdraw admissions. Then, on July 25, 1990, Intersouth filed the affidavit of Richard S. Blumenfeld in opposition to the Exchange's motion for summary judgment

After a hearing on the motion for summary judgment on July 26, 1990, on September 7, 1990, without specifically ruling on Intersouth's motion to withdraw admissions, the trial court granted the Exchange's motion for summary judgment. This appeal followed. *Held*:

1. Intersouth alleges the trial court erred by denying its motion to withdraw admissions because the Exchange failed to prove it would be prejudiced if the admissions were allowed to be withdrawn. We disagree. Although the record does not show evidence that the Exchange would be prejudiced if the admissions were withdrawn, under the record of this appeal, that absence is not significant. In *Whitemarsh Contractors v. Wells*, 249 Ga. 194, 196 (288 SE2d 198), our Supreme Court adopted the analysis in Justice Hill's concurring opinion in *Cielock v. Munn*, 244 Ga. 810, 812-814 (262 SE2d 114) as the two-prong test to be employed when considering a motion to withdraw admissions. A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent.

The first prong of the test is not perfunctorily satisfied. The burden on the movant is to show the presentation of the merits will be

subserved thereby, and the desire to have a trial, standing alone, is not sufficient to satisfy the test. The first inquiry is who will have the burden of proof at trial on the subject matter of the request for admission. If the burden of proof on subject matter of the request will be on the movant, the movant is required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and the denial is not offered solely for purposes of delay.

If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay.

If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong. Id.

Examination of the record shows that Intersouth failed to satisfy the first prong of the test. Intersouth's motion to withdraw its admission only gave its explanation for not responding to the request that it was "due to oversight of counsel since the answer was prepared at the last minute." Proceeding on the erroneous theory that the motion to withdraw must be granted unless the Exchange proved prejudice, Intersouth failed to make the showing required by the first prong of the test. Further, the affidavit of Richard S. Blumenfeld submitted in response to the motion for summary judgment also was not sufficient to satisfy the first prong of the test since the affidavit does not address specifically the items in the request for admissions and does not establish that the "denial of the request can be proved by admissible evidence having a modicum of credibility, and . . . the denial is not offered solely for purpose of delay." *Cielock,* supra at 813. Moreover, the statements in Blumenfeld's affidavit do not address the request for admission directed only to Intersouth. Therefore, the burden on the second prong of the test never arose because Intersouth did not satisfy the first prong of the test. Accordingly, the trial court did not err by denying Intersouth's motion.

2. Intersouth also argues that the trial court erred by granting summary judgment to the Exchange because Blumenfeld's affidavit and the admissions which should have been withdrawn showed there was a genuine issue of material fact for trial. In view of the disposition in Division 1, any reliance on the withdrawn admissions is misplaced. Further, we find that the admitted requests for admission of fact were sufficient to entitle the Exchange to the grant of summary judgment unless Intersouth met its burden as the respondent to a motion for summary judgment.

We find that the trial court correctly determined that Blumenfeld's affidavit was insufficient for that purpose. Although the affida-

vit states that Blumenfeld is an officer of Intersouth Properties, Inc., and Intersouth Development Corp., his affidavit directly, or by inference, does not rebut the matters stated in the admitted requests for admissions. In particular, the affidavit does not show that Intersouth did not contract with the Exchange, did not receive the goods, and did not owe the money on the open account to the Exchange. Further, Blumenfeld's affidavit admits that he signed the guaranty for the materials provided by the Exchange, but seeks to deny liability because he did not write or authorize anyone to write Intersouth on the guaranty. His affidavit, however, does not deny that Intersouth contracted with the Exchange, does not deny that the materials were delivered, does not deny that the money was owed on the open account to the Exchange, and does not deny that he guaranteed the debt. Under the facts of this case, and, specifically the unwithdrawn admissions of fact, Blumenfeld's affidavit is insufficient to show that genuine issues of material fact exist for trial.

Accordingly, the trial court did not err by granting summary judgment to the Exchange.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 20, 1991.

*Jay E. Loeb*, for appellants.
*Hicks, Marsh, Casey & Young, James C. Busch*, for appellee.

