A93A1782. F. P. I. ATLANTA, LTD. v. PRICE.
(440 SE2d 63)

COOPER, Judge.

Appellant brought suit against appellee seeking damages for an alleged default of a residential rental agreement. On or about December 5, 1992, after appellee filed a timely answer to the complaint, appellant served its first request for admissions which incorporated certain allegations in the complaint, including appellee's liability for the default and the amount of the alleged indebtedness under the terms of the rental agreement. Appellee responded to the request for admissions on January 8, 1993. Appellant then filed a motion for summary judgment upon the theory that no genuine issue of material fact existed because the matters set forth in its request for admissions were admitted by operation of law based on appellee's failure to respond to the request within 30 days pursuant to OCGA § 9-11-36. At the hearing on appellant's motion for summary judgment, appellee filed with the court a "Motion to Allow Responses to Request for Admissions if Same Deemed to Have Been Made Untimely," ostensibly pursuant to OCGA § 9-11-36, in which appellee argued that if the response is untimely, it was only one day late; its admission would not unduly prejudice appellant; and the delay was the result of excusable neglect. Without specifically finding that response was untimely, the trial court held that any delay was due to excusable neglect and that appellant's case would not be prejudiced by allowance of the response. Accordingly, the response was allowed as timely filed, and appellant's motion for summary judgment was denied. The trial court certified its order for immediate review, and we granted appellant's application for interlocutory appeal.

1. In its first enumeration of error, appellant contends the trial court erred in granting appellee's Motion to Allow Responses to Request for Admissions if Same Deemed to Have Been Made Untimely due to appellee's failure to make the necessary showing pursuant to OCGA § 9-11-36 (b) that the presentation of the merits would be subserved by allowance of the response as timely or by withdrawal of

the admissions.

OCGA § 9-11-36 (a) (2) provides in part that if a party served with a request for admission does not serve a written answer or objection within 30 days of service of the request, the matter is deemed admitted. "Any matter admitted under [9-11-36] is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). "A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent. . . . [As to the first prong, i]f the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." *Intersouth Properties v. Contractor Exchange,* 199 Ga. App. 726, 727-728 (1) (405 SE2d 764) (1991); OCGA § 9-11-36 (b).

The certificate of service attached to appellant's request for admissions indicates that service of the request was accomplished by certified mail on December 5, 1992; however, the certified mail return receipt referenced in the certificate of service indicates that the date of delivery was December 8, 1992. Nonetheless, the matters set forth in appellant's request were admitted by operation of law since no response was filed within 30 days of either date and the three-day rule is inapplicable. See OCGA § 9-11-6 (e); *Favors v. Travelers Ins. Co.,* 150 Ga. App. 741 (2) (258 SE2d 554) (1979). Appellant's subsequent response to the request for admissions could not be simply "allowed as timely filed" upon the trial court's finding of excusable neglect. "Instead the trial court should follow the language of [OCGA § 9-11-36 (b)] in making its determination." *Moore &c. Partnership v. Stack,* 153 Ga. App. 215, 219 (264 SE2d 725) (1980); *Whitemarsh Contractors v. Wells,* 249 Ga. 194 (288 SE2d 198) (1982). Appellee cited OCGA § 9-11-36 (b) in her motion but has not made the requisite showing that the " 'denial of the request can be proved by admissible evidence having a modicum of credibility, and . . . the denial is not offered solely for purpose of delay.' [Cit.]" *Intersouth,* supra at 728 (1). Thus, the trial court erred in granting appellee's motion.

2. Appellant also enumerates as error the denial of its motion for summary judgment. Appellant argues that because the matters set forth in its request for admissions were deemed admitted, the evidence is uncontroverted that appellee executed the residential rental agreement, defaulted on the agreement and thereby incurred an obli-

gation to appellant in the amount of $2,179.66, as these assertions were included in the request. We agree. These matters should have been treated as admitted in the consideration of appellant's motion for summary judgment. They are sufficient to prove appellant's case. Moreover, appellee, responding to the motion for summary judgment, failed to produce any evidence of genuine issues of material fact to the contrary. Thus, there are no remaining issues for trial. See *Bailey v. Bailey*, 227 Ga. 55 (178 SE2d 864) (1970). " ' "(W)here a party fail[s] to answer a request for admissions within the requisite time and the admissions [remove] all issues of fact, the other party [is] entitled to a grant of its motion for summary judgment." (Cits.)' [Cit.]" *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421, 422 (422 SE2d 76) (1992). Accordingly, the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 1994.

*Bruce A. Reynolds*, for appellant.
*J. Russell Mayer*, for appellee.