## A03A0209. LEDFORD et al. v. DARTER.
### (580 SE2d 317)

MIKELL, Judge.

Plaintiffs Richard Ledford and Frank Doyle appeal the trial court's order denying their motion to withdraw admissions and granting summary judgment in favor of the defendant, Mervin Darter, on their wrongful foreclosure action.

Viewed in favor of Ledford and Doyle as the nonmoving parties, the record shows that on May 24, 1999, Ledford purchased a piece of property from Darter. The property was conveyed by a warranty deed, in which Ledford was the sole grantee. Ledford executed a promissory note in favor of Darter in the amount of $204,250, which was secured by a deed to the property. It is undisputed that Doyle was not a party to the warranty deed, the security deed, or the promissory note.

Under the terms of the security deed, Ledford was required to pay all taxes and assessments on the property, to maintain insurance on all of the improvements to the property with insurance companies acceptable to Darter and in an amount not less than the outstanding loan secured by the property, and to make timely payments as required under the promissory note. The security deed provided that if Ledford failed to pay the taxes, assessments, and insurance premiums, Darter could, at his option, advance those sums and add them to the balance of the debt. Additionally, upon Ledford's failure to make a payment on the note or failure to perform any obligation under the security deed, Darter was authorized to accelerate the debt and declare the entire balance in default and immediately due and payable.

Because Ledford failed to pay the necessary premium, his insurance policy covering the property was cancelled on November 22,

2000. Darter received notice of the cancellation from the insurance company and elected to pay the outstanding premium in order to have the coverage reinstated. Darter demanded reimbursement from Ledford but received none. Also in November 2000, Darter received notice from the City of Atlanta that Ledford had failed to pay the 1999 and 2000 bills for sanitary services to the property. Darter paid the outstanding balance. Finally, Darter learned that Ledford failed to pay the 2000 City of Atlanta and Fulton County ad valorem taxes on the property and that as of December 21, 2000, the taxes remained due and unpaid.

On November 20, 2000, counsel for Darter notified Ledford of the acceleration of the debt and that foreclosure proceedings would commence immediately. Darter scheduled a foreclosure sale of the property to occur on the first Tuesday in January 2001 and advertised it for four weeks in the Fulton County Daily Report. Darter purchased the property himself on January 2, 2001, and recorded a deed under power of sale.

Ledford and Doyle, acting pro se, filed the underlying wrongful foreclosure action against Darter on April 25, 2001. In an affidavit submitted in connection with the original complaint, Doyle claimed to be "owner and investor of the property," despite the fact that his name did not appear on any of the instruments conveying the property. After retaining counsel, Ledford and Doyle filed an amended complaint on July 31, 2001, seeking compensatory and punitive damages. Darter timely answered both complaints. On August 17, 2001, Darter served Ledford and Doyle with requests for admission, but they failed to respond. Accordingly, when the trial court requested a status report in October 2001, Darter reported that the requests for admission had gone unanswered. Counsel for Ledford and Doyle responded that he had not received them, so on or about November 7, 2001, counsel for Darter re-served plaintiffs' counsel with the requests and filed a certificate of service and the return receipt furnished by the postal service. Again, Ledford and Doyle failed to respond.

Darter filed a motion for summary judgment on December 31, 2001, relying in part on the requests for admission that were deemed admitted by virtue of the plaintiffs' failure to answer them. Ledford and Doyle filed a response to the motion for summary judgment and a motion to withdraw the admissions on January 22, 2002. They did not submit affidavits in support of their motion to withdraw the admissions or in response to Darter's motion for summary judgment. On February 26, 2002, Darter filed a reply in support of his motion, along with an affidavit and exhibits documenting Ledford's default under the security deed and promissory note. The court conducted a hearing on the pending motions; however, the transcript has not

been included in the record on appeal. The court denied Ledford and Doyle's motion to withdraw the admissions and granted Darter's motion for summary judgment.

1. First, Ledford and Doyle argue that the court erred in denying their motion to withdraw the admissions because the requests asked them to recant the allegations contained in their complaint. "The trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion." (Footnote omitted.) *Brankovic v. Snyder*, 259 Ga. App. 579, 580 (578 SE2d 203) (2003). Finding no abuse of discretion, we affirm.

"Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request." (Footnote omitted.) *Baiye v. Gober*, 254 Ga. App. 288, 289 (1) (562 SE2d 249) (2002); OCGA § 9-11-36 (a) (2). However, "although OCGA § 9-11-36 provides that any matter admitted under the statute is 'conclusively established,' the statute also expressly authorizes the court to permit withdrawal or amendment of the admission and vests broad discretion in the trial court in this regard." (Citation omitted.) *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 330 (1) (486 SE2d 810) (1997). Subsection (b) of the statute provides that the trial court may permit withdrawal or amendment of the admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." See id.

Applying this test to the case sub judice, we conclude that Ledford and Doyle failed to meet their burden of demonstrating that the merits of the action would be subserved by the withdrawal of the admissions. In a special concurrence in *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979), that was expressly adopted by the Supreme Court in *Whitemarsh Contractors v. Wells*, 249 Ga. 194, 196 (288 SE2d 198) (1982), Justice Hill wrote that "it should not be assumed that the first prong of the test . . . can be perfunctorily satisfied." *Cielock*, supra at 813 (Hill, J., concurring specially). He further explained that

> [i]f the burden of proof as to the subject matter of the request will be on the defaulting movant, then movant should be required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and that the denial is not offered solely for the purpose of delay.

Id. In this case, plaintiffs Ledford and Doyle had the burden of prov-

ing the merits of their claims. Accordingly, in order to withdraw the admissions, they were required to show that the proffered denial of the requests could be proved by admissible evidence. This they have failed to do. They perfunctorily deny certain requests for admission without providing even a slight showing that the denials are supported by admissible evidence. In contrast, Darter provided an affidavit and documents proving that Ledford failed to maintain property insurance and that he neglected to pay the bill for sanitary services to the property and the city and county ad valorem taxes.

Ledford and Doyle's argument that the requests for admissions are somehow suspect because they require them to "recant the allegations of their complaint" is without merit. The Supreme Court held in *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, supra, that "requests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." Id. at 329. Accordingly, the trial court did not abuse its discretion in denying the plaintiffs' motion to withdraw the admissions.

2. Next, Ledford and Doyle assign error to the trial court's grant of summary judgment in favor of Darter and contend that a conflict in the evidence existed.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case. . . . Our review of an appeal from summary judgment is de novo.

(Citation and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998). See also *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In their original pro se complaint, Ledford and Doyle based their wrongful foreclosure claim on allegations that the mortgage payments, taxes, and insurance premiums on the property were current; that the foreclosure advertisement did not run for four consecutive weeks prior to the sale of the property; and that Darter foreclosed on the property without providing adequate notice. In their amended complaint, they allege that Ledford was not in default under the security deed and promissory note.

Darter pierced Ledford and Doyle's allegations in a number of ways. First, through documentary evidence, affidavit testimony, and the admissions of the plaintiffs, he demonstrated that Ledford failed to maintain property insurance and to pay the taxes and assessments levied by the city and county as required by the security deed. By contrast, Ledford offered no proof demonstrating that he met his obligations under the security deed and therefore was not in default. Darter pierced Ledford and Doyle's allegations concerning the propriety of the foreclosure sale by providing the affidavit of the attorney who conducted the foreclosure proceedings, a copy of the letter sent to Ledford notifying him of the foreclosure, and a publisher's affidavit demonstrating that the notice of sale was published in the legal organ of the county for four weeks prior to the sale.

Under OCGA § 9-11-56 (e), once the moving party discharges the burden of piercing the allegations contained in the complaint, the nonmoving parties cannot rest on their pleadings, but instead must point to specific evidence giving rise to a triable issue. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). The only evidence in the record presented by Ledford and Doyle is a one-page affidavit signed by Doyle, in which he states: "Mortgage, taxes and insurance on property at 994 Cardova Lane were current during foreclosure proceedings."[1] However, OCGA § 9-11-56 (e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." See *Hodges v. Putzel Elec. Contractors*, 260 Ga. App. 590, 595 (3) (580 SE2d 243) (2003). Doyle's affidavit fails to show that he is competent to testify on the matters contained therein or that his testimony is based on personal knowledge. Furthermore, "[a]llegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment." (Citations omitted.) *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 335 (287 SE2d 61) (1981). Accordingly, because Darter successfully pierced the allegations contained in Ledford and Doyle's complaint, the trial court did not err in granting his motion for summary judgment.

---

[1] The plaintiffs refer to an affidavit submitted by Ledford; however, the record does not contain such an affidavit. To the extent that Ledford's affidavit avers conclusory facts similar to those contained in Doyle's affidavit, it is unlikely that it would show that the trial court erred in granting Darter's motion for summary judgment even if it had been included in the record. See *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 335 (287 SE2d 61) (1981).

3. Based on our holding in Division 2 that the trial court properly entered summary judgment in Darter's favor on the plaintiffs' claims, we need not reach Ledford and Doyle's argument that the court improperly granted summary judgment on the issue of Doyle's lack of standing.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 26, 2003.

*Christopher J. McFadden*, for appellants.
Richard D. Ledford, *pro se.*
Frank Doyle, *pro se.*
*David G. Crockett*, for appellee.