## A06A0112. TURNER v. MIZE.
(633 SE2d 641)

BERNES, Judge.

John Wesley Turner II appeals from the trial court's denial of his motion to withdraw admissions under OCGA § 9-11-36 (b) and its grant of partial summary judgment to the plaintiff on the issue of liability. For the reasons that follow, we affirm.

The record shows that the plaintiff, Jack Louis Mize, filed a verified complaint seeking to enforce an alleged oral agreement under which Turner was to compensate Mize for services related to the acquisition and development of certain real property. Mize asserted claims for breach of contract, breach of fiduciary duties, quantum meruit, unjust enrichment, and issuance of a temporary restraining order and injunction. After he was served with process, Turner filed a timely answer as a pro se defendant, denying the essential claims of the verified complaint and asserting a counterclaim alleging that Mize's lawsuit constituted an abuse of civil process, had prevented him from selling the property, and would force him to incur substantial attorney fees.

Thereafter, Mize served Turner with discovery requests, including Plaintiff's First Request for Admissions. Turner failed to answer or object to the request for admissions within 30 days as required by

OCGA § 9-11-36 (a) (2) and further failed to respond to the other discovery requests. Turner later retained counsel, who recognized the procedural default imposed by the failure to timely respond to the request for admissions under OCGA § 9-11-36 (a) (2) and (b) and filed a motion to have the admissions withdrawn.

Following a hearing, the trial court denied Turner's motion to withdraw the admissions. Mize then filed a motion for summary judgment based on the fact that all of the essential claims of the verified complaint were deemed admitted. The trial court granted partial summary judgment to Mize as to liability, reserving only the issue of damages for trial.

1. Turner claims that the trial court erred in denying his motion to withdraw the admissions under OCGA § 9-11-36 (b). We disagree.

"Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request [under OCGA § 9-11-36 (a) (2)]." (Citations and punctuation omitted.) *Ledford v. Darter*, 260 Ga. App. 585, 587 (1) (580 SE2d 317) (2003). However, OCGA § 9-11-36 (b) vests broad discretion in the trial court to permit withdrawal or amendment of the admission, and "[t]he trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion." (Citation and punctuation omitted.) *Ledford*, 260 Ga. App. at 587 (1).

Pursuant to the two-prong test set forth by OCGA § 9-11-36 (b), the trial court may permit the withdrawal of admissions "[(1)] when the presentation of the merits of the action will be subserved thereby and [(2)] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The burden as to the first prong is on the movant seeking to withdraw the admissions, and the burden as to the second prong is on the nonmovant/respondent. *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727 (1) (405 SE2d 764) (1991). "The first prong of the test is not perfunctorily satisfied . . . and the desire to have a trial, standing alone, is not sufficient to satisfy the test." Id. at 727-728 (1). "If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." Id. at 728 (1). If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions. Id. See also *Brown v. Morton*, 274 Ga. App. 208, 210 (617 SE2d 198) (2005).

During the motion hearing conducted by the trial court in this case, Turner gave limited testimony in which he explained his reasons for failing to respond. While Turner at one point stated that

Mize's allegations were "totally false," he did so without offering any further elaboration or explanation.[1] Turner's affidavit submitted after the court hearing merely restated his excuse for failing to respond to the request for admissions.

Based on the foregoing evidence, the trial court did not abuse its discretion in denying Turner's motion since Turner failed to establish that the presentation of the merits would be subserved by permitting withdrawal of the admissions. Turner's arguments and affidavit in support of his motion to withdraw merely offered explanations for his failure to respond to the request for admissions. The offering of excuses, however, does not satisfy the first prong of the test. *Intersouth Properties*, 199 Ga. App. at 728 (1). Furthermore, at the motion hearing, Turner did no more than offer a perfunctory denial of all the allegations asserted by Mize. Turner never elaborated on his denial by pointing to record evidence or testifying to his version of what occurred, and, therefore, failed to provide the trial court with any evidence upon which it could determine whether Turner's denial had a modicum of credibility. Under these circumstances, the trial court was authorized to conclude that Turner failed to carry his burden under the first prong of the statutory test.

Citing to *Saleem v. Snow*, 217 Ga. App. 883, 887 (2) (460 SE2d 104) (1995) (physical precedent only), Turner contends that even if no evidence was presented at the hearing, a review of his answer, counterclaim, and a pretrial information sheet would have shown that the merits of the case would be subserved by withdrawal of the admissions. Contrary to Turner's contentions, these referenced pleadings merely contained perfunctory denials and failed to present or refer to any admissible evidence. Unlike the circumstances presented in *Saleem*, the record before the trial court at the time of its ruling in this case did not present proof that the motion was offered solely for delay and that the admissions could be refuted by evidence having a modicum of credibility. See *Ledford*, 260 Ga. App. at 588 (1). Compare *Saleem*, 217 Ga. App. at 887 (2) (physical precedent only).[2]

---

[1] Although he never briefed the issue, Turner's counsel briefly argued at the motion hearing that there was a "huge issue having to do with the statute of frauds" because Mize's claims purportedly were based on "a real estate contract by [an oral] agreement." But, counsel failed to cite to any case law or provide any legal explanation as to why the Statute of Frauds would apply in this case. Under these circumstances, Turner's counsel failed to show the trial court that Turner's position had a modicum of credibility so as to satisfy the first prong of the statutory test. See *Weatherby v. Barsk*, 248 Ga. App. 848, 850-852 (1) (545 SE2d 701) (2001) (holding, in a similar context, that the parties' oral agreement did not fall into the purview of the Statute of Frauds, OCGA § 13-5-30 (4)).

[2] In opposition to Mize's motion for summary judgment, Turner filed his responses to Mize's interrogatories, submitted another affidavit for himself, and submitted an affidavit from his counsel attaching written correspondence purporting to show that Mize owed Turner under a loan such that the services for which he sought compensation in the lawsuit were rendered

We likewise find no merit in Turner's contention that the request for admissions consisted of 77 separate requests "so broad in scope as to constitute a virtual concession of the case if there was no response filed" as a matter of procedural gamesmanship. If Turner believed that the requests were excessive, oppressive, or imposed an undue burden, his remedy would have been to seek a protective order from the trial court pursuant to OCGA § 9-11-26 (c). Without a protective order, he was not excused from failing to respond. Turner otherwise requests leniency on the grounds that he was an "unwary pro se defendant" at the time of the procedural default and had received no warning of the "legal time bomb" that would occur under the civil practice rules if he failed to respond. Turner's pro se status, however, affords him no basis for relief since "[i]n a civil case[,] the court cannot put a pro se litigant on a different standard from one represented by counsel." (Citation and punctuation omitted.) *Howell v. Styles*, 221 Ga. App. 781, 783 (2) (472 SE2d 548) (1996).

Because Turner failed to meet his burden on the first prong of the test, there is no need to address the second prong. See *Intersouth Properties*, 199 Ga. App. at 728 (1). Accordingly, we conclude that the trial court did not abuse its discretion in denying Turner's motion to withdraw admissions.

2. Turner also contends that the trial court erred in granting partial summary judgment to Mize. Turner has failed to support this claim of error by citation of authority and specific reference to the record, and, therefore, it is deemed abandoned. See Court of Appeals Rule 25 (c) (2) and (3) (i); *Dennis-Smith v. Freeman*, 277 Ga. App. 822, 823 (1) (627 SE2d 872) (2006). Nonetheless, we note that "evidence [is] not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint." (Citation omitted.) *Wurlitzer Co. v. Watson*, 207 Ga. App. 161, 165 (2) (427 SE2d 555) (1993). Since the admissions covered all the essential claims presented in Mize's verified complaint, the trial court did not err in granting summary judgment to Mize on the issue of liability.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

---

either gratuitously or as repayment. However, this evidence was not presented until after the trial court entered its order denying the motion to withdraw admissions, and Turner did not thereafter seek reconsideration of the trial court's order. "[T]his Court will only consider evidence presented to the trial court before that court ruled on the motion." (Footnote omitted.) *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 72 (3) (599 SE2d 20) (2004). See also *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480 (1) (469 SE2d 523) (1996). Since this additional evidence was not presented to and considered by the trial court in ruling on the motion to withdraw, we cannot consider it in our appellate review.

· DECIDED JULY 5, 2006 —

*McFarland & McFarland, Robert P. McFarland*, for appellant.
*Perrie & Cole, Stanley E. Kreimer, Jr.*, for appellee.