## A08A2132. BYRD v. RACHAMAN.

(670 SE2d 458)

ELLINGTON, Judge.
The State Court of Fayette County granted the motion for summary judgment filed by Hamza Rachaman in his suit against Tyrone Byrd for breach of a promissory note. The trial court based its summary judgment ruling, in part, on admissions Byrd made when he failed to serve timely responses to Rachaman's requests for admission pursuant to OCGA § 9-11-36. Byrd appeals, contending that the trial court erred in denying his motion to withdraw his admissions. Byrd contends that, without his admissions, questions of material fact preclude summary judgment on Rachaman's claims. In denying Byrd's motion to withdraw his admissions, the trial court found after a hearing that Byrd failed to set forth the proper legal

basis for such a motion.[1] Because we have no transcript of the hearing on the motion to withdraw, and because "there is a presumption that a trial court acts properly in the exercise of its duties," this Court must assume that the trial court was authorized to conclude that Byrd failed to demonstrate that presentation of the merits of the case would be subserved by the withdrawal. (Citation omitted.) *Kicklighter v. Blocker*, 164 Ga. App. 306, 309 (1) (297 SE2d 83) (1982). See also *Fox Run Properties v. Murray*, 288 Ga. App. 568, 570 (1) (654 SE2d 676) (2007) (this Court "will not disturb the trial court's ruling on a motion to withdraw admissions absent a showing of abuse of discretion") (citation omitted). Because Byrd's judicial admissions are sufficient to prove Rachaman's case, Byrd has not shown any basis for reversing the trial court's summary judgment order. *F.P.I. Atlanta v. Price*, 211 Ga. App. 634, 636 (2) (440 SE2d 63) (1994).[2]

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2008 —
RECONSIDERATION DENIED NOVEMBER 26, 2008 — ▮▮▮▮▮

*Stephen J. Wasley*, for appellant.
*Jahangeer Habibi*, for appellee.

---

[1] After a matter has been deemed admitted by operation of law, the trial court may, in its discretion, permit a party to withdraw an admission if two conditions are satisfied. The first is that the trial court determines that "the presentation of the merits will be subserved by the withdrawal," which requires a showing by the movant "that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay." (Citations and punctuation omitted.) *Fox Run Properties v. Murray*, 288 Ga. App. 568, 570-571 (1) (654 SE2d 676) (2007). The second condition is that "the party obtaining the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits." (Citations omitted.) Id. at 570 (1). The trial court "need not consider the second prong of the test if the party seeking to withdraw admissions fails to establish the first prong, which is not perfunctorily satisfied." (Citations and punctuation omitted.) Id.

[2] Byrd also contends on appeal that the trial court erred in granting Rachaman's motion for summary judgment on Byrd's counterclaim for breach of an agreement to sell real estate. The record does not show that Rachaman moved for summary judgment on Byrd's counterclaim, nor did the trial court's order purport to reach Byrd's counterclaim. Accordingly, this argument is premature and presents nothing for our review.