## A09A2134. NEAL v. STATE FARM FIRE & CASUALTY COMPANY.
(684 SE2d 132)

BLACKBURN, Presiding Judge.

In this personal injury action arising out of an automobile accident, defendant Joanna Kathleen Neal appeals the summary judgment granted to plaintiff State Farm Fire & Casualty Company ("State Farm") as subrogee of its insured. Neal argues that the trial court erred in denying her request to withdraw admissions, upon which admissions the trial court relied in granting summary judgment. Because Neal made no attempt to show that the admissions were incredible on their face or to present evidence showing that the admissions were inaccurate, we hold that the trial court did not abuse its discretion in denying the request to withdraw admissions and in granting summary judgment based on those admissions.

The record reflects that an automobile accident involving Neal and a vehicle operated by State Farm's insured occurred in December 2007, resulting in State Farm adjusting its insured's claim. Alleging Neal was at fault in the accident, State Farm as subrogee sued Neal to recover its payments to its insured. After Neal answered the complaint, State Farm served requests to admit on Neal, which

asked Neal to admit that she was at fault in the accident and to admit that she was liable to State Farm for the amount it paid to its insured ($21,291.25). Thirty-nine days later, which was six days after the due date (because the requests were served by mail — see OCGA §§ 9-11-6 (e); 9-11-36 (a) (2)), Neal served her responses to the requests to admit, denying her negligence and liability.

Because Neal's responses were untimely, State Farm moved for summary judgment on the basis that Neal had admitted to the allegations of the requests to admit as a matter of law under OCGA § 9-11-36 (a) (2). Without submitting any evidence, Neal opposed the motion, requesting that the trial court allow her to withdraw the admissions. Finding that Neal had not made the showing necessary to withdraw the admissions, the trial court denied that request and granted summary judgment to State Farm. Neal appeals.

The relevant principles of law are clear.

> Pursuant to OCGA § 9-11-36 (a) (2), the matters in the requests for admissions were admitted by operation of law when [Neal] failed to answer the requests within 30 days of service. The trial court had the discretion to permit withdrawal of the admissions if the two-prong test of OCGA § 9-11-36 (b) was satisfied. Those two prongs are (1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions. The party seeking to withdraw the admissions [where, as here, the requestor bore the burden of proving the matters addressed in the requests] has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw.

(Citations and punctuation omitted.) *Porter v. Urban Residential Dev. Corp.*[1] See *Intersouth Properties v. Contractor Exchange.*[2]

---

[1] *Porter v. Urban Residential Dev. Corp.*, 294 Ga. App. 828, 829-830 (1) (670 SE2d 464) (2008).

[2] *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727-728 (1) (405 SE2d 764) (1991).

Thus, as the movant[3] seeking withdrawal of the admissions, Neal under the first prong bore the burden of either showing the admissions were incredible on their face or presenting admissible, credible evidence refuting the admissions. "If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions." *Turner v. Mize*.[4] Under such circumstances, "there is no need to address the second prong." Id. at 259 (1).

Neal made no attempt below to make either showing relative to the first prong. Rather, she simply claimed that State Farm had not met the second prong of showing prejudice. Thus, the trial court did not abuse its discretion in denying her request to withdraw the admissions. *Turner*, supra, 280 Ga. App. at 259 (1). Her citation on appeal to *Brankovic v. Snyder*[5] misses the mark, as in *Brankovic* the party seeking to withdraw the admissions presented affidavits refuting the allegations of the admissions and showing that the denials of the admissions were not interposed solely for the purposes of delay. Id. at 582-583. Neal submitted no such evidence here.

Because the trial court did not abuse its discretion in denying Neal's request to withdraw the admissions, the trial court did not err in granting summary judgment based on those admissions. *Turner*, supra, 280 Ga. App. at 259 (2). Accordingly, we affirm.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 10, 2009.

*Alvis M. Moore*, for appellant.
*Mabry & McClelland, David T. Markle*, for appellee.

---

[3] Although Neal failed to file a formal motion seeking the withdrawal of the admissions, her request to withdraw the admissions in her brief opposing summary judgment sufficed under the circumstances to require the court to address the matter. See *Sayers v. Artistic Kitchen Design*, 280 Ga. App. 223, 226-227 (2) (633 SE2d 619) (2006).

[4] *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006).

[5] *Brankovic v. Snyder*, 259 Ga. App. 579 (578 SE2d 203) (2003).