**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 13, 2019**

# In the Court of Appeals of Georgia

A18A1879. JCG FARMS OF ALABAMA, LLC v. MORGAN.          GS-068

GOSS, Judge.

On February 7, 2016, an explosion occurred at a chicken feed manufacturing plant in Rockmart ("Rockmart Mill") that is owned and controlled by JCG Farms of Alabama, LLC ("JCG Farms"). The explosion seriously injured Tyler Morgan, who was working at the Rockmart Mill as a control room operator at the time. Morgan sued JCG Farms, inter alia, for negligence. After Morgan filed a motion for partial summary judgment, JCG Farms moved to withdraw any of its responses to Morgan's request for admission stating that Morgan was not its employee. JCG Farms appeals from the trial court's order denying the motion to withdraw admissions in judicio and granting summary judgment in favor of Morgan as to JCG Farms' affirmative defense under the Workers' Compensation Act. For the following reasons, we affirm.

On January 12, 2017, Morgan filed this premises liability action against JCG Farms as the owner of the Rockmart Mill property. Morgan's complaint alleged that JCG Farms was the owner of the Rockmart Mill property and that Morgan and other injured workers were on the premises as invitees. JCG Farms filed an answer acknowledging ownership and control of the feed mill, but asserting that the Workers' Compensation Act provides the exclusive remedy for Morgan. The exclusive remedy provision of OCGA § 34-9-11 applies only if JCG Farms was Morgan's employer. See OCGA § 34-9-11 (a). Accord *Champion v. Pilgrim's Pride Corp. of Delaware, Inc.*, 286 Ga. App. 334, 338 (c) (649 SE2d 329) (2007) ("It is well settled that an injured employee's sole and exclusive remedy is under the Workers' Compensation Act where the injury arises out of and in the scope of employment"). Morgan argues that the Workers' Compensation Act exclusive remedy does not apply to him because he is an employee of *JCG Foods*, not JCG Farms.

The record shows that the Rockmart Mill is a chicken feed manufacturing plan owned and controlled by JCG Farms. JCG Foods of Alabama, Inc. is another company in a complex corporate structure of their parent company, Koch Foods, Inc. Koch Foods produces and processes chicken for commercial distribution, and the various corporate entities under its control operate different aspects of chicken

production. Although JCG Farms and JCG Foods are part of the same corporate structure, there is no dispute that they operate independently and have separate budgets, assets, and employer identification numbers.

Throughout the litigation, JCG Farms has admitted that Morgan was an employee of JCG Foods, as opposed to JCG Farms. JCG Farms admitted as much in its answer, in its responses to Plaintiff's Request for Interrogatories , and in its responses to Morgan's Request for Admissions.[1] JCG Farms admitted in briefing before the trial court that its responses to the Requests for Admission were based upon "information provided by the Human Resources and Risk Management departments regarding, among other things, the corporate structure of Koch Foods, Inc., the operations of the Rockmart feed mill, and the employment relationship between the corporate entities involved in the operation of the Rockmart mill and the workers at the mill." Further, paystubs for checks issued to Morgan in January/February 2016 identify JCG Foods as his employer, and JCG Foods sent Morgan a W-2 form and reported Morgan as an employee to the IRS.

---

[1] JCG Farms amended its responses to interrogatories and requests for admission on this allegation *after* the hearing on its motion to withdraw admissions and Morgan's motion for partial summary judgment had been heard and the trial court had issued its oral ruling on the merits of the motion.

On December 4, 2017, Morgan filed a motion in which he sought partial summary judgment as to JCG Farms' workers compensation exclusive remedy defense. Morgan argued that JCG Farms admitted in judicio that it was not Morgan's employer. JCG Farms then filed a motion to withdraw admissions. The trial court denied JCG Farms' motion to withdraw the admissions, and granted Morgan's motion for partial summary judgment.

1. JCG Farms argues that the trial court erred by denying its motion to withdraw its admission in judicio that Morgan was its employee.

Once an admission has been made for purposes of OCGA § 9-11-36, the matter is "conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). A trial court

> may permit withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that the withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Id. (citing OCGA § 9-11-36 (b). This statutory provision vests the trial court with broad discretion to permit withdrawal of the admission, and the trial court's ruling on

4

this issue will only be reversed upon a showing of abuse of discretion. *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006).

"If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong. Both prongs must be established[.]" (Citation and punctuation omitted.) *Fulton County v. SOCO Contracting Co., Inc.*, 343 Ga. App. 889, 897 (2) (a) (808 SE2d 891) (2017). The first requirement of this test

> is not perfunctorily satisfied. . . and the desire to have a trial, standing alone, is not sufficient to satisfy the test. If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for the purposes of delay.

(Citation and punctuation omitted.) *Turner,* 280 Ga. App. at 257 (1).

In support of its motion to withdraw admissions, JCG Farms relied upon the affidavit of Lance Buckert, the CFO of Koch Foods, as well as form documents from Morgan's personnel file that had JCG Farms or Koch Foods listed at the top of the page. These documents included, inter alia, a smoking policy for the Rockmart Mill, a document outlining safety guidelines, and a drug and alcohol policy. Buckert's affidavit directly contradicts the admissions in JCG Farms' original answer to the

5

complaint, its responses to requests for interrogatories, and its responses to the request for admissions. Buckert's affidavit states that although he issued Morgan's payroll checks through JCG Foods, JCG Farms is really Morgan's employer because it bears the payroll obligations on its balance sheet. Although Buckert's affidavit attempts to explain how he charges JCG Farms with the labor costs via accounting maneuvers, his affidavit offers no documents to support the statements. His affidavit provides no explanation as to how Koch Foods' employees provided "incorrect" information in JCG Farms' answer, its response to request for admissions and interrogatories, or why the admissions went uncorrected for almost a year. Buckert further deposed that the fact that JCG Farms' corporate name is on a piece of paper in a personnel file does not make one an employee of the entity.

JCG Farms argues in its brief that its supporting affidavit and form documents had a sufficient modicum of credibility. However, the trial court, after examining the affidavit and documents in detail, found the issue not to be one of degree of credibility, but rather, of the utter absence of it. The trial court held that JCG Farms

> failed to meet its burden on the first prong by supplying nothing more
> than a handful of assorted pages from personnel records (which are
> contradicted by other records) and a 2.5-page conclusory, self-serving

6

affidavit with no documentary evidence attached. Mr. Buckert's accounting strategy does not undo specific admissions of fact.

These statements were inconsistent with other evidence and admissions made earlier in the litigation, including IRS documents and pay stubs identifying JCG Foods as Morgan's employer, as well as statements that JCG Farms did not have employees or a payroll. "Based on these inconsistencies, the trial court was authorized to find that [Buckert's affidavit] lacked credibility and that the admissions were not false." (Citation and punctuation omitted.) *SOCO Contracting*, 343 Ga. App. at 898 (2) (a) (trial court did not abuse its discretion to deny motion to withdraw admissions when affidavit directly contradicted responses to various interrogatories). See also *Rebel Auction Co., Inc. v. Citizens Bank*, 343 Ga. App. 81, 85 (1) (805 SE2d 913) (2017) (trial court did not abuse its discretion in denying defendant's motion to withdraw admissions when the only evidence upon which the defendant relied was a self-serving affidavit of its chief operating officer which directly contradicted its admissions in earlier pleadings and discovery); *Fox Run Properties, LLC v. Murray*, 288 Ga. App. 568, 571 (1) (654 SE2d 676) (2007) (trial court was authorized to conclude that affidavit in support of motion to withdraw admissions lacked credibility because it was contradicted and was inconsistent with the affiant's prior responses to

interrogatories and other statements); *Crowther v. Estate of Crowther*, 258 Ga. App. 498, 500-501 (1) (574 SE2d 607) (2002) (putative widow submitted an affidavit that she had never been married, but the trial court did not abuse its discretion in concluding that her assertions did not have a modicum of credibility in light of contradictory evidence).

Under these circumstances, we cannot conclude that the trial court abused its discretion in concluding that JCG Farms did not present credible evidence to refute the admissions. See *Fox Run Properties,* supra. Compare *Johnson v. City Wide Cab*, 205 Ga. App. 502, 502-503 (1) (422 SE2d 912) (1992) (grant of withdrawal proper when admissions were contradicted by sworn, credible evidence tending to undermine critical element of plaintiff's claim). As a result, the trial court did not err in granting Morgan's motion for partial summary judgment as to JCG's affirmative defense under the Workers' Compensation Act.

2. As a result of our holding in Division 1, we need not address JCG Farms' remaining enumeration of error.

*Judgment affirmed. Miller, P. J., and Brown, J., concur.*