**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

August 23, 2022

# In the Court of Appeals of Georgia

A22A0632. CRUMPTON et al. v. SAMPLES.

PHIPPS, Senior Appellate Judge.

This is a dispute about the return of earnest money deposited pursuant to a business purchase agreement. Deidre Samples sued Commercial Experts, Inc. and its president and CEO Thomas Crumpton (collectively "Crumpton"), to recover her earnest money deposit. The trial court granted summary judgment to Samples based upon admissions made by Crumpton when he failed to respond to discovery requests. Crumpton appeals the trial court's orders denying his motion to withdraw admissions, granting Samples's motion for summary judgment, and awarding damages and attorney fees to Samples. We affirm because (a) Crumpton has not shown that the trial court abused its discretion when it denied his admissions and (b) his challenge to the

court's summary judgment ruling rests solely on his challenge to the denial of his request to withdraw admissions.

Viewed in the light most favorable to Crumpton, *Maloof v. MARTA*, 330 Ga. App. 763, 764 (769 SE2d 174) (2015), the record shows that Commercial Experts, as the listing broker, and Thomas Crumpton, as its agent, represented a tree and land clearing business that Samples sought to buy. On July 27, 2019, Samples and the business owner — who is not a party to the suit — signed a Letter of Intent ("LOI") that required Samples to deposit $10,000 of earnest money into Commercial Experts's escrow account. The LOI provided that the earnest money was "fully refundable" to Samples "for any reason" if the parties did not execute a definitive purchase agreement within 20 days from the date of the letter. An association of Samples, Joshua Copeland,[1] wired the funds to Crumpton; however, when Samples sought financing as directed by the LOI, she was denied a loan, and the parties did not execute a definitive purchase agreement within the specified time frame.

On October 9, 2019, Copeland e-mailed Crumpton on Samples's behalf and requested the return of the earnest money. In an e-mail responding to Copeland's

_____

[1] Copeland is referred to both as Samples's husband and her boyfriend in the record.

request, Crumpton (a) claimed that he was not obligated to refund the earnest money because the transaction fell through due to Samples's failure to secure financing after she misrepresented the experience and involvement of Copeland. and (b) thereby implicitly refused to return the funds.[2] After receiving Crumpton's e-mail response, Samples filed suit, and raised various legal and equitable claims.[3] In his answer, Crumpton admitted that Commercial Experts had received and retained Samples's earnest money.

On September 29, 2020, Samples served Crumpton with a number of discovery requests, including requests for admissions. On October 29, 2020, Samples agreed to a 15-day extension to allow Crumpton to respond to discovery. During the extension period, the trial court permitted Crumpton's counsel to withdraw and provided Crumpton 30 days to retain new counsel. Crumpton neither responded nor objected to the discovery requests within the extended deadline.

---

[2] Crumpton also claimed in the e-mail that Samples breached a Buyer Confidentiality Agreement, a separate agreement that required Samples to communicate solely with Crumpton about the sale.

[3] The complaint asserts claims for conversion, breach of fiduciary duty, unjust enrichment, constructive trust, money had and received, negligence, OCGA § 13-6-11 attorney fees and expenses, and punitive damages.

In February 2021, Samples moved for summary judgment, arguing that Crumpton's failure to respond to her discovery requests, particularly her requests for admissions, entitled her to judgment as a matter of law. Immediately thereafter, Crumpton retained counsel to oppose the motion. Crumpton's response, filed on March 16, 2021, asserted that, while he did not recall receiving Samples's requests for admissions, he intended to move to withdraw his admissions. Crumpton contemporaneously requested to be heard on Samples's summary judgment motion, and the trial court set the matter for a hearing on May 5, 2021.

Two days before the hearing, Crumpton moved to withdraw the admissions. In support of his motion, Thomas Crumpton submitted an affidavit in which he admitted the following: (a) Samples had deposited $10,000 into Commercial Experts's escrow account pursuant to the LOI; (b) Samples had requested return of her earnest money after she had been denied a loan; (c) Crumpton had been served with Samples's complaint and discovery requests; and (d) Crumpton had unintentionally failed to respond to the written requests. Crumpton also attested that he "spent significant funds and time related to facilitating the transaction," which had failed due to Samples's actions.

Following oral argument and additional briefing by the parties, the trial court entered orders denying Crumpton's motion to withdraw his admissions, granting summary judgment to Samples, and finding Commercial Experts and Thomas Crumpton jointly and severally liable in the amount of $10,000 in damages, $3,215.34 in prejudgment interest, and $9,031.55 in attorney fees.[4] Crumpton appeals these orders.

1. Crumpton first contends that the trial court erred in denying his motion to withdraw admissions pursuant to OCGA § 9-11-36 (b). We disagree.

OCGA § 9-11-36 provides that a party may serve upon another party a written request for the admission of the truth of any matter that is not privileged and is relevant to the pending action. See OCGA § 9-11-36 (a) (1); see also OCGA § 9-11-26 (b) (1). "The matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection," requests postponement of its obligation to respond to the requests, or seeks a protective order. OCGA § 9-11-36 (a) (2); accord *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 330 (2) (486 SE2d 810)

---

[4] The trial court declined to award Samples punitive damages.

5

(1997). And, pursuant to OCGA § 9-11-36 (b), any matter admitted "is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission."

> This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion.

*Fulton County v. SOCO Contracting Co.*, 343 Ga. App. 889, 896 (2) (808 SE2d 891) (2017) (citation and punctuation omitted).

It is undisputed that Crumpton failed to timely respond to Samples's requests for admissions. "[U]nquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request." *Ikomoni v. Exec. Asset Mgmt.*, 309 Ga. App. 81, 83 (1) (709 SE2d 282) (2011) (citation and punctuation omitted). Consequently, the matters deemed admitted in this case were conclusively established. Nonetheless, pursuant to the two-prong test established by

6

OCGA § 9-11-36 (b), a trial court may allow the withdrawal of admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Accord *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006). "If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong. Both prongs must be established, pursuant to the standard provided in OCGA § 9-11-36 (b)." *Fulton County*, 343 Ga. App. at 897 (2) (a) (citation and punctuation omitted). Thus, if the movant fails to satisfy the first prong of the test, a trial court is authorized to deny the motion to withdraw admissions, *Turner*, 280 Ga. App. at 257 (1), and need not consider the second prong, *Fox Run Properties v. Murray*, 288 Ga. App. 568, 570 (1) (654 SE2d 676) (2007).

"Under OCGA § 9-11-36 (b), the trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request." *Burton v. ECI Mgmt. Corp.*, 346 Ga. App. 668, 671 (2) (816 SE2d 778) (2018). We therefore review a trial court's ruling on a motion to withdraw admissions for abuse of that discretion. Id. Crumpton asserts that the trial court

abused its broad discretion by finding that he did not satisfy the first prong of OCGA § 9-11-36 (b). We disagree.

As relevant here, to prevail, Crumpton needed to establish that "that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face." *Njoku v. Adeyemi*, 355 Ga. App. 1, 3 (1) (a) (842 SE2d 317) (2020) (citation and punctuation omitted). Standing alone, the desire to have a trial is insufficient to make the required showing to satisfy the first prong of the test set forth in OCGA § 9-11-36 (b). *Turner*, 280 Ga. App. at 257 (1).

(a) We turn first to Crumpton's claim that he presented evidence with a "modicum of credibility" that the admissions sought to be withdrawn could be refuted. Samples served 36 requests for admissions on Thomas Crumpton and 34 requests for admissions on Commercial Experts. On appeal, Crumpton argues that his affidavit "present[s] admissible evidence to show that a trial on the merits is warranted." He offers the following in support thereof: (i) the experience of Thomas Crumpton as a licensed broker and agent and the length of time he has owned and operated Commercial Experts; (ii) the amount of "time, effort, and money" Crumpton expended on the transaction at issue here; (iii) the fact that, according to Crumpton,

Samples breached the Buyer Confidentiality Agreement;[5] and (iv) the fact that Copeland, not Samples, wired the escrow funds to Commercial Experts.

Following a hearing and examination of Crumpton's affidavit and exhibits, the trial court found that the affidavit lacked a "modicum of credibility" and that Crumpton had not offered "otherwise admissible evidence" to support his position that the admissions should be withdrawn. According to the court, it was "undisputed that the sale did not go through as stated in the LOI" and that Crumpton was holding the earnest money in escrow. And though he argued otherwise, the court found that Crumpton failed to produce evidence establishing that he could "rightfully withhold the escrow funds." In that regard, the court concluded that the "extraneous issues" raised by Crumpton in his affidavit "regarding the Confidentiality Agreement and the contract between other individuals who are not parties to this case[ ] have no bearing on the issue of the return of the escrow funds." We agree.

Pretermitting whether Samples's conduct violated the Buyer Confidentiality Agreement and whether she or Copeland wired the funds to Crumpton, it was Crumpton's responsibility — as the party seeking the withdrawal of admissions — to produce credible evidence rebutting his admission that the earnest money was fully

---

[5] See note 2, above.

9

refundable to Samples pursuant to the terms of the LOI. See generally *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727 (2) (405 SE2d 764) (1991) ("The first prong of the [statutory] test is not perfunctorily satisfied."). Accordingly, the trial court did not abuse its broad discretion by concluding that Crumpton failed to meet his burden of presenting evidence with a "modicum of credibility" that the admissions sought to be withdrawn could be refuted.

(b) Crumpton also contends that the trial court erred by finding that Samples's requests for admissions were not incredible on their face. We do not find an abuse of discretion in this regard.

Of the 70 requests for admissions, Crumpton sought withdrawal of the majority, arguing that they were incredible on their face because they contained "pure conclusions of law without any reference to the facts in the case."[6] Generally, however, "requests for admission under OCGA § 9-11-36 (a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *McClarty v. Trigild Inc.*, 333 Ga. App. 112, 115 (2) (775 SE2d 597) (2015) (citation omitted). And, requests that seek admission of legal

---

[6] Crumpton's motion to withdraw sought withdrawal of Requests for Admission numbers 3-13 and 15-36 as to Thomas Crumpton and numbers 4-6, 8-11, and 13-34 as to Commercial Experts.

conclusions — such as the requests here (as discussed below) — are "not objectionable because they seek admission of the ultimate issue in the case but are only objectionable if they seek admission of purely abstract principles unrelated to the facts of the case." *Fulton County*, 343 Ga. App. at 899 (2) (b) (i).

A review of the requests for admissions that Crumpton sought withdrawal of because they are "incredible on their face" include, in part, the following as to Thomas Crumpton:

11. [Crumpton] had no lawful or contractual right to keep [Samples's] Deposit.

12. [Crumpton] has without legal right or permission, taken, kept, and misappropriated [Samples's] Deposit.

. . .

29. [Crumpton] has been unjustly enriched by retaining [Samples's] deposit.

30. [Crumpton] owes to [Samples] the sum of no less than $10,000 for money had and received, which in equity and good conscience [Crumpton] should not be permitted to retain.

31. [Crumpton's] actions were a direct and proximate cause of [Samples's] damages.

11

Likewise, the requests for admissions served on Commercial Experts that Crumpton also sought to withdraw because they were "incredible on their face" include, in part, as follows:

16. [Commercial Experts] owed [Samples] a duty to perform [its] role as an escrow agent with that degree of care and skill customary and ordinarily required of an escrow agent.

. . .

19. [Commercial Experts] breached its duty of good faith to [Samples].

. . .

24. [Commercial Experts] is liable to [Samples] for breach of common law fiduciary duties.

We conclude that Samples's requests for admissions are sufficiently factually tailored to the ultimate issues in this case — whether she was entitled to the return of the earnest money pursuant to the terms of the LOI and whether Crumpton was liable for withholding it from her. Thus, the trial court did not abuse its broad discretion when it found that Samples's requests for admissions were not incredible on their face. See *Fulton County*, 343 Ga. App. at 899 (2) (b) (i) (affirming a trial court's finding that a request for admissions that sought "determination of whether [a party]

12

acted with bad faith" — the ultimate issue in the case — was not a purely abstract legal principle unrelated to the facts of the case).

Because Crumpton did not meet his burden as to the first prong of the test established under OCGA § 9-11-36 (b), it is unnecessary to address the second prong. *Turner*, 280 Ga. App. at 259 (1). Accordingly, the trial court did not abuse its broad discretion in denying Crumpton's motion to withdraw admissions.

2. Crumpton also contends that the trial court erred in granting summary judgment and awarding final judgment to Samples. On appeal, Crumpton's sole argument in this regard is that the trial court erred in denying his motion to withdraw admissions, and consequently, he argues, the trial court erred in granting summary judgment. Because we concluded in Division 1 that the trial court properly denied Crumpton's motion to withdraw admissions, this argument fails.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*