A05A0879. DASHER v. DAVIS et al.
(618 SE2d 728)

SMITH, Presiding Judge.

We granted Scott Dasher's application for interlocutory appeal of the trial court's denial of his motion for summary judgment in a fraud suit brought against him by Brent and Rebecca Davis. The Davises, purchasers of a home from James Parker and Stephanie Shaffer (f/k/a Stephanie Parker), alleged that Dasher, who was their real estate agent, fraudulently concealed a defect in the home's septic system. Because we conclude that no evidence exists in the record from which a jury could conclude that Dasher actually knew of any such defect and failed to disclose it to the Davises, we reverse the trial court's denial of Dasher's motion for summary judgment.

The evidence in the record, construed most favorably to the Davises, the nonmovants, shows that Dasher listed Parker and Shaffer's home for sale. In the initial disclosure statement, the sellers indicated that the septic system had been professionally serviced. The Davises requested additional information, and the sellers disclosed to the Davises' real estate agent, Susan Silvers, that the septic system had been serviced in September 2002. In late December 2002, while the house was under contract but before the closing, Parker and Shaffer experienced a problem with the septic system. Shaffer notified Dasher that the septic tank needed to be pumped again. This time the septic tank was serviced by a different company. Dasher faxed a disclosure form to Silvers stating that he had spoken with Shaffer that morning, that Shaffer had informed him "about an issue with the septic tank system and it needs to be pumped." Silvers received the fax, signed it, and returned it to Dasher.

After the sale closed and the Davises were living in the house, they telephoned Dasher and informed him that they were experiencing problems with the septic system. Rebecca Davis told Dasher that the system was "defective" and that it needed to be replaced. Dasher relayed this information to Shaffer, and Shaffer called a third company to inspect the system. When the inspection was performed, the technician told Shaffer only that the field lines were "full."

The Davises filed a complaint against Parker, Shaffer, Dasher, Silvers, and Dasher's broker, Patricia Harris Ayers. They sought rescission of the real estate contract and alleged fraud, unjust enrichment, and intentional infliction of emotional distress against the sellers. They also alleged fraud by the real estate professionals and violation of the Brokerage Relationships in Real Estate Transactions Act ("BRETA"), OCGA §§ 10-6A-1 through 10-6A-16. Dasher and Ayers moved for summary judgment. The trial court granted Ayers's motion and denied that of Dasher but granted Dasher's request for a certificate of immediate review.

"The tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. [Cits.]" *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893 (537 SE2d 138) (2000). When the plaintiff contends that the defendant has concealed a material fact,

> scienter, or knowledge of the alleged falsehood, is an essential element of the tort. In fraudulent concealment actions the allegedly defrauded party must prove that the alleged defrauder had actual, not merely constructive, knowledge of the fact concealed. There must be some evidence of the silent party's actual knowledge that the defect exists at the time of the sale from which his moral guilt in concealing it can be inferred.

(Citations and punctuation omitted.) Id. at 894. We agree with Dasher that no evidence in the record shows that he knowingly concealed a material defect in the property.

The Davises opposed Dasher's motion for summary judgment and introduced the affidavit of Rebecca Davis, in which she stated that when the problems arose after closing she had called a repair person "to look at the problem." The technician told Davis that "he had already told the previous owner," Shaffer, that the system was defective. He explained to Davis that the field lines were damaged and would have to be replaced, but that he could not repair the system without a permit from the county. The Davises also introduced a written report from the company they retained to perform a soil investigation, as required by the county health department. Results of that testing showed that the soil was unsuitable for a septic system because of a "shallow perched water table" and a "very slow percolation rate." Shaffer denied on her deposition that the repairman had given her that information. She testified that the only information repairmen ever gave to her was that the tank was full and that the lines were saturated from heavy rainfall.

The conflicting information about the septic system in both Shaffer's deposition testimony and Davis's affidavit is obviously hearsay. It proves nothing for the purposes of summary judgment. *Adams v. Gay*, 270 Ga. App. 65, 66 (1) (606 SE2d 26) (2004). It does suggest that issues of fact may eventually arise regarding whether the septic system was defective, whether the ground was unsuitable for a septic tank system, and if so, whether Parker or Shaffer had actual knowledge of those conditions. But regardless of whether these fact issues possibly may arise at some point in the future, we have found absolutely no evidence in the record before us now indicating

that information regarding any alleged defective system or unsuitable ground was ever conveyed to Dasher.

Consistent with Shaffer's deposition testimony that no repairman ever told her that the tank was defective, Dasher testified on his own deposition that neither Parker nor Shaffer ever informed him the septic tank was defective. No evidence exists that Dasher had actual knowledge of any such defect. Affirmative evidence does exist, however, that Dasher had *no* actual knowledge of any such defect. Even assuming therefore, without deciding, that a defect does exist and that the Davises can show that Parker and Shaffer were informed of that defect before closing but failed to disclose it, Dasher cannot be held liable under a fraud theory for failure to disclose information of which he had no actual knowledge.

Moreover, under OCGA § 10-6A-5, which governs the duties and responsibilities of a broker engaged by a seller, Dasher's obligation was limited to the disclosure of "[a]ll adverse material facts pertaining to the physical condition of the property and improvements located on such property including but not limited to material defects in the property . . . which are *actually known* by the broker which could not be discovered by a reasonably diligent inspection of the property by the buyer." (Emphasis supplied.) OCGA § 10-6A-5 (b) (1).

Finally, even if the Davises were able to show knowledge on the part of Parker and Shaffer, a question exists as to whether they could show justifiable reliance, required for their fraud claim, or reasonable diligence on their part, required for a claim under BRETA. No question exists that they *were* informed that the septic tank had been pumped twice within a four-month period and that they performed no further investigation. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74 (441 SE2d 421) (1994) (summary judgment proper in passive concealment case when purchaser of house could have discovered obvious fire damage in attic but failed to inspect it).

The Davises failed to show that Dasher had actual knowledge of any alleged defect. They also failed to show that they investigated the condition of the septic system even after being notified of two instances within a four-month period in which the septic tank required pumping. Actual knowledge and due diligence or justifiable reliance are essential to the Davises' claims. Because Dasher has shown the absence of one or more elements essential to the Davises' claims against him, the trial court erred in denying Dasher's motion for summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JULY 28, 2005 — ▮

*Webb, Zschunke, Neary & Dikeman, Dennis J. Webb, Ashley E. Taylor*, for appellant.

*Carl L. Meyer*, for appellees.