A08A1027. DAVIS et al. v. SILVERS.
(670 SE2d 805)

PHIPPS, Judge.

Brent and Rebecca Davis, as home buyers, brought this suit against multiple defendants complaining of concealment of a defect in their home's septic system. The Davises charged their real estate agent, Susan Silvers, and the listing real estate agent, Scott Dasher, with fraud and violation of the Brokerage Relationships in Real Estate Transactions Act ("BRRETA").[1] In *Dasher v. Davis*,[2] we reversed the trial court's denial of summary judgment to Dasher.

---

[1] OCGA § 10-6A-1 et seq.

[2] 274 Ga. App. 788 (618 SE2d 728) (2005).

Following remand, the trial court granted Silvers's motion for summary judgment under the law of the case rule. Because the law of the case rule entitled Silvers to summary judgment as to the Davises' fraud claim but not as to their BRRETA claim, we affirm in part and reverse in part.

As stated in *Dasher*,[3] Dasher listed the home of James Parker and Stephanie Shaffer (f/k/a Stephanie Parker) for sale. In their initial disclosure statement, Parker and Shaffer informed Silvers and the Davises that the house's septic system had been professionally serviced. While the house was under contract but before closing, Parker and Shaffer experienced another problem with the septic system. Shaffer notified Dasher that the septic tank needed to be pumped again. Dasher faxed a disclosure form to Silvers stating that Shaffer had informed him about an issue with the septic tank system and that it needed to be repumped. After the sale closed, the Davises began experiencing problems with the septic system and concluded that the system was defective.

As a result, the Davises sued Parker, Shaffer, Dasher, Silvers, and Dasher's broker, Patricia Harris Ayers. Against the real estate professionals, the Davises alleged fraud and violation of BRRETA. Dasher and Ayers moved for summary judgment. The trial court granted Ayers's motion and denied Dasher's motion. On interlocutory appeal, we reversed the trial court's denial of summary judgment to Dasher.

> In order to recover for fraud, the Plaintiffs were required to show (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. In all cases of fraud involving a concealment of a material fact, scienter, or knowledge of the alleged falsehood, is an essential element of the tort.[4]

Under BRRETA, Silvers's

> obligation was limited to the disclosure of "(a)ll adverse material facts pertaining to the physical condition of the property and improvements located on such property including but not limited to material defects in the property . . . which are *actually known* by the broker which

---

[3] Id.

[4] *Argentum Intl. v. Woods*, 280 Ga. App. 440, 443-444 (2) (a) (634 SE2d 195) (2006) (punctuation and footnotes omitted).

could not be discovered by a reasonably diligent inspection of the property by the buyer."[5]

In *Dasher*, we found evidence to support the knowledge element of the Davises' fraud and BRRETA claims lacking, because there was no evidence that information regarding any defect in the septic system was ever conveyed to Dasher. Moreover, we held that a question existed as to whether the Davises could show justifiable reliance required for their fraud claim or reasonable diligence required for their BRRETA claim, noting: "No question exists that they were informed that the septic tank had been pumped twice within a four-month period and that they performed no further investigation."[6]

The Davises argue that Silvers was not entitled to summary judgment, because there are genuine issues of material fact as to whether, prior to closing, she had provided them with the fax from Dasher stating that the septic tank was being pumped again. As noted immediately above, however, we held in *Dasher* that no question existed that the Davises were informed of this.

> OCGA § 9-11-60 (h) provides in pertinent part that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Although "the law of the case rule has formally been abolished . . . it (still) applies to rulings by one of the appellate courts; they are binding in all subsequent proceedings. . . ." OCGA § 9-11-60 (h) can apply to rulings made during an appellate court's reversal of a trial court's grant of summary judgment.[7]

The fact that different defendants were involved when the issue was first litigated on appeal does not prevent application of the law of the case rule, when the parties on remand attempt to relitigate exactly the same issue already decided.[8] There is, however, an exception to the rule where the evidentiary posture of the case in the trial court changes subsequent to the appellate decision.[9]

---

[5] *Dasher*, supra at 790 (emphasis in original), citing OCGA § 10-6A-5 (b) (1).

[6] *Dasher*, supra.

[7] *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 806 (1) (476 SE2d 83) (1996) (citations omitted).

[8] *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 284 Ga. App. 387, 393 (2) (643 SE2d 864) (2007).

[9] *Daiss v. Bennett*, 286 Ga. App. 108, 109 (1) (648 SE2d 462) (2007).

The evidentiary posture of a case changes so as to bar application of the law of the case rule in two different situations. First, the evidentiary posture changes when a new issue not previously addressed by an appellate court is raised by amended pleadings or otherwise, and second, the posture changes when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented.[10]

The Davises argue that the evidentiary posture of this case has changed by reason of affidavits submitted by them following our decision in the prior appeal. These affidavits do not, however, address the critical question of whether the Davises were informed that the septic tank had been pumped twice but did not perform an investigation. The Davises base their claim that there is a material issue of fact on that question on depositions by them that were in the record of the prior appeal. Therefore, if the Davises had wished to challenge our ruling on that question, they should have done so on motion for reconsideration in the prior appeal. Moreover, it appears undisputed that Silvers's only source of knowledge regarding the septic system was Dasher, and we held in the earlier appeal that the Davises failed to show that Dasher had actual knowledge of any alleged defect. For these reasons, the trial court did not err in awarding summary judgment to Silvers on the Davises' fraud claim.

But their BRRETA claim stands on a different footing. Although we ruled in *Dasher* that there was no question that the Davises had been informed of the pumping of the septic tank on two occasions, we did not inquire into any of the circumstances surrounding the disclosures. It was, and is, undisputed that Dasher faxed disclosure forms apprising Silvers of the pumping of the septic tank on both occasions. But the Davises maintain that Dasher did not forward the second disclosure to her, but rather simply produced a receipt at closing showing that the septic tank had been pumped again. Because the Davises had requested that the septic tank be re-pumped so that they could be provided with a "nice, clean septic tank," they claim that the information provided to them by Silvers did not alert them to the necessity of the re-pumping and thus the problem with the system. Although we ruled in *Dasher* that the Davises had presented insufficient evidence of fraud, they are not required to prove fraud to recover on their BRRETA claim. They need only show that Silvers breached her duty to disclose to them all adverse material facts pertaining to the physical condition of the

---

[10] *McLean*, supra at 807 (1) (citations omitted).

property and its improvements. Because a jury could find such a breach of duty here, the trial court erred in awarding summary judgment to Silvers on the Davises' BRRETA claim.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 7, 2008 —
RECONSIDERATION DENIED DECEMBER 5, 2008.

*Carl L. Meyer*, for appellants.
*Weissman, Nowack, Curry & Wilco, Ned Blumenthal*, for appellee.