**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 13, 2014**

# In the Court of Appeals of Georgia

A14A1231. HEATH v. COLOR IMPRINTS USA, INC. et al.

MILLER, Judge.

Richard P. Heath sued Color Imprints USA, Inc., and Michael and John Saylor (collectively "the Defendants") seeking to recover over $25,000 in past due payments for accounting and bookkeeping services that Heath allegedly rendered to Color Imprints d/b/a 1 Stop Creative Promotional Solutions ("Color Imprints"). The parties filed cross-motions for summary judgment, and the trial court granted the Defendants' motion as to Heath's claim. Heath appeals, contending that the trial court erred in granting summary judgment to the Defendants. For the reasons that follow, we affirm the grant of summary judgment to Michael and John Saylor and reverse the grant of summary judgment to Color Imprints.

"On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations and punctuation omitted.) *Campbell v. The Landings Assn., Inc.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the limited record before us shows that the Saylors are shareholders and officers of Color Imprints. In January 2008, Heath began performing services for Color Imprints. Heath claimed that he issued invoices to Color Imprints for professional services from February 2008 through December 2009 and Color Imprints paid him $4,200 during this period. The Saylors never entered into a written agreement obligating them to be responsible for any debt of Color Imprints to Heath.

In July 2012, Heath filed a suit on account, initially claiming that the Defendants owed him $41,833.77 for professional services rendered. Heath subsequently amended his complaint, reducing the amount of his suit on account to $25,412.87. The Defendants answered and raised defenses, including fraud, no privity of contract, the Statute of Frauds, and payment of $5,400 in full satisfaction of Heath's claims. The Defendants also counter-claimed for abusive litigation, punitive

damages and attorney fees.[1] Without explicitly addressing Heath's motion for summary judgment, the trial court granted summary judgment to the Defendants as to Heath's claim for a suit on account.

1. Heath contends that the trial court erred in granting summary judgment to the Defendants based solely on his failure to file a responsive pleading to the Defendants' motion.[2] We discern no error.

A review of the trial court's order makes clear that the trial court did not automatically grant summary judgment to the Defendants based on Heath's failure to file a response to the Defendants' motion for summary judgment. Rather, the trial court reviewed the pleadings and record and determined that there was no genuine issue of material fact. The trial court correctly noted that Heath, by failing to respond to the Defendants' motion for summary judgment, waived his right to present

---

[1] The Defendants' counter-claims were not addressed in either parties' motion for summary judgment and these claims are not at issue on appeal.

[2] As an initial matter, we note that Heath's brief sets out numerous arguments relating to the trial court's grant of summary judgment despite a single enumerated error, in violation of our Rules of Court. Court of Appeals rule 25 (a), (c). In spite of Heath's violation, we will exercise our discretion to consider what we believe are his main arguments, to the extent that we are able to discern them. See *Stagl v. Assurance Co. of America*, 245 Ga. App. 8, 9 (1) (539 SE2d 173) (2000).

evidence in opposition. *Landsberg v. Powell*, 278 Ga. App. 13, 15 (627 SE2d 922) (2006).

2. Heath contends that the trial court erred in granting summary judgment to the Defendants because they admitted their liability as a matter of law by failing to timely respond to his request for admissions.

Under OCGA § 9-11-36 (a) (2), requests for admissions are deemed admitted if a party fails to respond within 30 days. See *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 330-331 (2) (486 SE2d 810) (1997). However, the trial court has discretion to permit a party to withdraw admissions if the court is satisfied "(1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions." (Citation omitted.) *Porter v. Urban Residential Dev. Corp.*, 294 Ga. App. 828, 829 (1) (670 SE2d 464) (2008).

"The party seeking to withdraw the admissions has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." (Citation and punctuation

4

omitted.) *Porter*, supra, 294 Ga. App. at 829 (1); see also *Intersouth Properties, Inc. v. Contractor Exchange, Inc.*, 199 Ga. App. 726, 728 (1) (405 SE2d 764) (1991). If the party seeking to withdraw the admissions satisfies the first prong, the burden is on the respondent to satisfy the second prong, i. e., to show that he would be prejudiced by the withdrawal. *Intersouth Properties, Inc.*, supra, 199 Ga. App. at 728 (1).

Here, Heath served the Defendants with a request for admissions in December 2012, seeking admissions that Heath performed accounting and consulting work for Color Imprints from 2005 to 2009 at the Defendants' request, and the Defendants accepted his invoices for that work, approved the work, made periodic payments throughout August 2009, and failed to respond to Heath's attempts to contact them after December 2009. Since the Defendants did not file a timely response to Heath's requests, they were deemed admitted by operation of law. OCGA § 9-11-36 (a) (2).

(a) The Saylors.

Heath argues that the Saylors failed to refute his request for admissions by admissible credible evidence. We disagree.

After Heath filed his motion for summary judgment, the Defendants filed a motion to withdraw their admissions on the basis that settlement negotiations had

5

been ongoing and the parties had agreed to extend the discovery period until negotiations were complete. Michael and John Saylor also served Heath with their responses to his request for admissions in April 2013. Color Imprints, however, filed no separate response. Nonetheless, the trial court found that all of the Defendants had, in their responses, refuted the admissions that Heath sought to have admitted and continued the matter to allow Heath to file a brief on the issue of prejudice.

The Saylors responded to and denied Heath's requested admissions. Specifically, the Saylors denied that they individually or jointly employed Heath to perform accounting, tax, and consulting services for Color Imprints from July 2007 through December 2009. Heath filed no brief on the issue of prejudice and has made no showing that he would be prejudiced by the withdrawal of the admissions. *Intersouth Properties, Inc.*, supra, 199 Ga. App. at 728 (1) (respondent has burden of showing prejudice); *Brankovic v. Snyder*, 259 Ga. App. 579, 582-583 (578 SE2d 203) (2003) (no error in allowing defendants to withdraw admissions where they presented responses to the request for admissions and where defendants had already denied liability in answer). Accordingly, the trial court did not abuse its discretion in allowing the Saylors to withdraw their admissions. See *Brankovic*, supra, 259 Ga. App. at 582-583.

(b) Color Imprints.

Heath also argues that Color Imprints failed to file a timely response to Heath's request for admissions, thereby admitting its liability by operation of law. We agree.

As set forth above, Color Imprints, as the party seeking to withdraw its admissions, had the burden of showing that the admissions could be refuted or were incredible and the denial was not offered solely to delay. *Porter*, supra, 294 Ga. App. at 829 (1). Color Imprints never responded to Heath's request and therefore did not meet this burden. See *Intersouth Properties,* supra, 199 Ga. App. at 728 (1) (party who did not specifically address items in request for admissions not entitled to withdraw admissions). In light of Color Imprints's failure to respond to Heath's requests, the trial court abused its discretion in allowing Color Imprints to withdraw its admissions.

3. Finally, Heath argues that the trial court erred in granting summary judgment to the Defendants on his suit on account.

"A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done except for the other party to make payment."

(Citations and punctuation omitted.) *Five Star Steel Const., Inc. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738-739 (1) (c) (524 SE2d 736) (1999). "A verified answer to a claim for open account that sets out the defenses of payment, set-off, and accord and satisfaction creates a factual issue." Id. at 738 (1) (b).

(a) The Saylors.

A review of Heath's complaint and the attached invoices shows that he seeks payment for services allegedly rendered to Color Imprints. The Saylors are shareholders and officers of Color Imprints.

Under Georgia's Statute of Frauds, promises to answer for the debt of another must be in writing. OCGA § 13-5-30. Heath admitted that neither Saylor executed a written agreement accepting responsibility for Color Imprint's debt to Heath. Accordingly, the Saylors were entitled to judgment as a matter of law and the trial court did not err in granting their motion for summary judgment.

(b) Color Imprints.

As to Color Imprints, however, there exists an issue of fact that precludes the grant of summary judgment. Specifically, it is clear from the record that Heath provided some services to Color Imprints. Nevertheless, there is a question of fact as

8

to how much of the account, if any, remains to be paid because the admissions do not include a final amount due and owing.

Notably, Heath claims that he is owed $25,412.87. His own invoicing shows that Color Imprints made payments of $4,200. Color Imprints, in its answer, claimed that the Defendants paid Heath $5,400 in full satisfaction of his claims. Color Imprints' answer setting out the defense of payment creates a factual issue as to the amount owed. *Five Star Steel*, supra, 240 Ga. App. at 738 (1) (b). Accordingly, the trial court erred in granting summary judgment to Color Imprints.

In sum, the trial court erred in allowing Color Imprints to withdraw its admissions without responding to the same, and we reverse the grant of summary judgment to Color Imprints because there is a genuine issue of material fact remaining. We affirm the trial court's grant of summary judgment to the Saylors.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Dillard, J., concur.*