MILLER, Judge,
concurring specially.
I agree with the majority’s well-reasoned conclusion that the jury was authorized to find Six Flags liable for Martin’s injuries, and that *368 the jury’s verdict must be reversed because the trial court erred in denying Six Flags’s request to allow the jury to consider whether certain nonparties should be apportioned fault. I write separately, however, because it is not clear that the named defendants, including Six Flags, should get a second opportunity to dispute their liability when the overwhelming evidence in the case establishes their liability for Martin’s injuries and when the error in the case related solely to a determination of damages.
Prior to the 2005 amendments to OCGA § 51-12-33, liability could be apportioned among defendants only in those situations where the plaintiff was to some degree at fault and no statutory provision allowed the jury to consider the possible fault of nonparties to the litigation. See former OCGA § 51-12-33.[64] Thus, prior to the 2005 amendments, the liability of the defendant(s) and the recovery of damages were issues that were inextricably joined. See Head v. CSX Transp., 271 Ga. 670, 673 (4) (524 SE2d 215) (1999).
With the 2005 amendments to OCGA § 51-12-33, the legislature provided a procedure whereby defendants could seek to reduce their damages based on the fault of nonparties. See OCGA § 51-12-33 (b)-(d). The statute, while speaking generally of a determination of fault based on a party’s liability, also provides that the determination of the nonparties’ percentages of fault, if any, bears only on the percentages of fault of the named parties. See OCGA § 51-12-33 (f) (1). The fault of the nonparties, however, does nothing to alter the named defendants’ liability. Therefore, the statute does not require a retrial on liability when the error relates only to the apportionment of fault of the nonparties, who cannot be held liable. See OCGA § 51-12-33 (f) (2) (findings of fault as to a nonparty shall not subj ect the nonparty to liability in any action).
Moreover, the majority’s reliance on Double View Ventures v. Polite, 326 Ga. App. 555, 561-562 (1) (b) (757 SE2d 172) (2014), does *369 not assist in directing us toward the proper procedure on retrial. It does not appear that the parties raised the issue of whether a retrial on all issues or just damages was appropriate, nor did the Court squarely address the issue. “Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.” (Citation and punctuation omitted.) Johnson v. Bank of America, 333 Ga. App. 539, 542 (2) (773 SE2d 810) (2015). While I recognize that much of the evidence establishing Six Flags’s and the other defendants’ liability is the same evidence that would establish their respective faults for Martin’s injuries, nothing in OCGA § 51-12-33 requires a redetermination of their liability.
Furthermore, while the majority would have the issue of liability reheard at a new trial, Six Flags would nevertheless be precluded from relitigating that issue under the law of the case, barring some improbable circumstance. See OCGA § 9-11-60 (h) (providing that “any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be”); Grindle v. Chastain, 229 Ga. App. 386, 389 (2) (493 SE2d 714) (1997) (jury’s rejection of defendant’s arguments in the first trial settled the disputed issue where the evidence at the second trial was substantially the same).[65]
That this case must be retried at all is particularly unfortunate because it was clear that the trial court was required to place the nonparties on the verdict form. I agree with the majority that retrial on all issues imposes a significant burden on all parties, the judicial system, and the citizens of Cobb County, where this brutal attack occurred and where the case was tried. In the absence of the legislature’s express requirement, I do not believe it is prudent to increase these burdens by requiring a full retrial on all issues when the apportionment of damages error concerns only nonparties.
I am authorized to state that Judge McFadden and Judge McMillian join this opinion.

 Former OCGA § 51-12-33 read as follows:
(a) Where an action is brought against more than one person for injury to person or property and the plaintiff is himself to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, may apportion its award of damages among the persons who are liable and whose degree of fault is greater than that of the injured party according to the degree of fault of each person. Damages, if apportioned by the trier of fact as provided in this Code section, shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.
(b) Subsection (a) of this Code section shall not affect venue provisions regarding joint actions.
(c) This Code section shall apply only to causes of action arising on or after July 1, 1987.

 The law of the case does not apply when the evidentiary posture of the case changes either because a new issue not previously addressed is raised by the parties or when the original evidence submitted is found to he insufficient. Davis v. Silvers, 295 Ga.App. 103, 106 (670 SE2d 805) (2008). As to the first situation, unless the pleadings are amended, there are no new issues to be raised regarding liability that have not been addressed by this Court since this Court has already rejected Six Flags’s argument that it was not liable because it had no duty to protect Martin from an unforeseeable criminal attack and because his injuries did not occur on its premises or approaches. As to the second situation, it clearly would not apply because we have determined that the evidence of Six Flags’s liability was sufficient.