**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 31, 2017**

# In the Court of Appeals of Georgia

A17A0444. HEATH v. COLOR IMPRINTS USA, INC. et al.

BRANCH, Judge.

This is the second appearance of this case before us. In *Heath v. Color Imprints USA*, 329 Ga. App. 605, 605 (765 SE2d 751) (2014) ("*Heath I*"), we reversed the trial court's grant of summary judgment as to defendant Color Imprints USA, Inc., in plaintiff Richard Heath's action on account against the company and its owners, Michael and John Saylor, but affirmed the grant as to the Saylors. Upon the return of the remittitur from this Court, however, the trial court dismissed Heath's action as a sanction for failing to file a supplemental brief well before his first appeal. On this appeal, Heath argues that the trial court abused its discretion when it dismissed his action. We agree and reverse.

In July 2012, Heath brought this action for $41,833.77 against Color Imprints, Inc., and that company's owners, the Saylors, for services Heath rendered as an

accountant. On September 17, 2013, the trial court held a hearing as to whether defendants could withdraw admissions deemed admitted as a result of their failure to respond to Heath's requests.[1] During this September 2013 hearing, Heath requested time for additional briefing on the question whether the withdrawal would prejudice him.[2] The trial court agreed and ordered that Heath file a brief by October 10, 2013. Heath failed to file this supplemental brief, however.

On December 2, 2013, Heath filed an amended complaint reducing the amount sought to $25,000. On December 12, 2013, defendants moved for an order finding Heath in contempt and for sanctions, including dismissal, as to Heath's failure to file the supplemental brief. On the same day, the trial court issued a rule nisi scheduling

---

[1] See OCGA § 9-11-36 (a) (2) (a request for admission "is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney"), (b) ("the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.").

[2] See *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727 (1) (405 SE2d 764) (1991) ("A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent."), citing *Whitemarsh Contractors v. Wells*, 249 Ga. 194, 195 (288 SE2d 198) (1982).

2

a hearing on defendants' motion for contempt and sanctions for January 15, 2014. On January 6, 2014, however, the trial court granted summary judgment to all three defendants.

At the January 15 hearing[3] on defendants' motion for contempt and sanctions, Heath told the court that he was abandoning his former position that defendants should not be allowed to withdraw their admissions. At the conclusion of the hearing, the trial court made an oral ruling that Heath's complaint would be dismissed as a sanction for his wilful violation of the court's order, pursuant to his request, to file an additional brief on this issue. When Heath asked that the entry of the order of dismissal be delayed, the court agreed that it would not enter the dismissal until February 6.

In the meantime, on January 28, Heath filed a notice of appeal, and asserted on appeal that the trial court had erred in allowing defendants to withdraw their admissions such that its grant of summary judgment was also error. In *Heath I*, we affirmed the grant of summary judgment as to the Saylors, but reversed the grant of summary judgment to Color Imprints, concluding that the trial court had abused its discretion when it allowed Color Imprints to withdraw its admissions and that an

---

[3] Although a transcript of this hearing has not been included in the appellate record, the trial court quoted the transcript in its order.

3

issue of fact remained as to the amount owed to Heath by the company. 329 Ga. App. at 608-609 (2), (3) (b). The parties did not raise, and we did not address, the propriety of the pending dismissal. See id. at 605-606.

On the return of the remittitur following the issuance of our opinion on November 13, 2014, the trial court filed an order in which it recounted the history of the case, noted that Heath had disregarded its September 2013 order to file the supplemental brief he had requested, and entered an order dismissing the action "for [Heath's] wilful failure to comply" with that order. On appeal from this dismissal, Heath argues that the trial court abused its discretion in dismissing his appeal for failing to file the supplemental brief as ordered. We agree.

Under OCGA § 9-11-41 (b), a trial court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with this chapter or any order of court[.]" After a motion for dismissal, the trial court, sitting "as trier of the facts[,] may then determine the facts and render judgment against the plaintiff[.]" Id.; see also *Weeks v. Weeks*, 243 Ga. 416 (254 SE2d 366) (1979) (OCGA § 9-11-41 (b) "authorizes the trial court, upon motion, to dismiss any action for failure of the plaintiff to comply with an order of the court"). OCGA § 9-11-60 (h) also provides, however, that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or

4

the Court of Appeals as the case may be." Thus "[a]lthough the law of the case rule has formally been abolished[,] it still applies to rulings by one of the appellate courts; they are binding in all subsequent proceedings." *Davis v. Silvers*, 295 Ga. App. 103, 105 (670 SE2d 805) (2008) (punctuation and footnote omitted); see also *IH Riverdale, LLC v. McChesney Capital Partners, LLC*, 292 Ga. App. 841, 843 (666 SE2d 8) (2008).

Heath's supplemental brief was ordered in 2013 on the question whether Heath would be prejudiced by defendants' withdrawal of the admissions — the very topic this Court addressed in *Heath I.* In our 2014 opinion, we noted that Heath had not filed a brief on the issue and went on to hold that although the trial court did not abuse its discretion in allowing the Saylors to withdraw their admissions, the court had abused its discretion in allowing Color Imprints to do the same. 329 Ga. App. at 608-609 (2) (a), (b). Our holding in *Heath I* thus mooted the issue of defendants' withdrawal of their admissions such that the trial court violated the law-of-the-case rule when it returned to that issue in the context of whether to enter an order of dismissal against Heath. Although Heath should have either filed the supplemental brief he himself had requested or obtained the trial court's permission not to do so, this trial court nonetheless abused its discretion when it dismissed Heath's action for his failure to file a brief on an issue settled by this Court on his first appeal. We

5

therefore reverse the dismissal and remand for further proceedings on the factual issue of the amount owed, if any, by Color Imprints to Heath. See *Heath I*, 329 Ga. App. at 609 (3) (b); *Davis*, 295 Ga. App. at 105 (affirming earlier grant of summary judgment on fraud claim when the parties were attempting to relitigate "the same issue already decided" on a second appeal) (footnote omitted).

*Judgment reversed and case remanded. McFadden, P. J., and Bethel, J., concur.*