**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1428, A19A1468. PETERSON et al. v. PETERSON et al. (two
    cases).

COOMER, Judge.

One case comes to us for a second time on appeal and the other was previously
appealed to the Supreme Court of Georgia. See *Peterson v. Peterson*, 344 Ga. App.
XXVIII (Case No. A17A2025) (February 27, 2018) (unpublished) ("*Peterson I*");
*Peterson v. Peterson*, 303 Ga. 211 (811 SE2d 309) (2018) ("*Peterson II*"). Brothers
and co-trustees Charles Alexander Peterson ("Alex") and Hugh David Peterson
("David") (collectively, "Appellants") appeal from the trial court's order granting
summary judgment in favor of their mother and co-trustee Mary Jeannette Willcoxon
Peterson ("Mary") and brother and co-trustee Cleveland Calhoun Peterson
("Calhoun") (collectively, "Appellees"). Appellants challenge the trial court's finding

that Mary did not owe Appellants a fiduciary duty when she exercised her power of appointment under two trusts and ordered Appellants to execute all conveyance documents submitted to them. Appellants further contend the trial court erred in concluding that Mary could act exclusively in her capacity as a beneficiary of both trusts in exercising her appointment power to convey trust assets. Lastly, Appellants contend the trial court erred in granting summary judgment in favor of Appellees on Appellants' claims for breach of fiduciary duty with respect to both trusts. For the reasons that follow, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the non-movant." *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494, 494-495 (646 SE2d 682) (2007) (citations omitted).

*Prior Appeal*s

In *Peterson I* and *Peterson II*, the relevant background was described as follows:

Charles Hugh Peterson died testate in 1994 and was survived by his wife, Mary, and their three sons Alex, David, and Calhoun. Mr. Peterson's will, which was probated in 1995, created two testamentary trusts: a marital trust for the primary benefit of Mary, and a residual "by-pass" trust for the benefit of Mary and the couple's three sons. Mary and her three sons were each designated co-executors of the will and co-trustees of both the marital and by-pass trusts. Item 5 of Mr. Peterson's will created a marital trust for Mary, while Item 6 created a bypass trust for Mary and their three sons. The relevant portion of the will creating the terms of the by-pass trust reads as follows:

> Trustees shall hold and manage the property in this trust and . . . may encroach on such part of the principle thereof as the Trustees may deem necessary to provide for the support in reasonable comfort of my wife and to provide for the proper support and education of my descendants[.] To the extent practicable, however, I request the Trustees in making encroachment for the benefit of my wife to encroach first on any trust created for my wife . . . before encroaching on this trust for my wife[.]

> My primary desire is that my wife be supported in reasonable comfort during her lifetime and that my children be supported in reasonable comfort during their lives; my secondary desire is that the principal of

this trust be preserved as well as possible consonant with the consummation of my primary objective[.]

[My wife] shall have no power to appoint [trust] property to herself, to her estate, to her creditors, or to the creditors of her estate.

Under the terms of the will, all decisions made by the majority of the executors or trustees would control, provided that said majority included Mary. Other than some specific personal property, all the real and personal property of the estate was to be placed in either the marital trust or the bypass trust, and the bypass trust was designed to have a value of $600,000. Item 5 of the will provides that all of the income from the marital trust goes to Mary for her life and that Mary has "the power at any time and from time to time ... to direct the Trustees to turn over any part of the property in this trust to my said wife or to or among such of my descendants or spouses of such descendants." At Mary's death, in the event that she has not disposed of the marital trust property in her will or by her power of appointment, it will become part of the bypass trust if it is still in existence. If it is not, the property is to be divided between Alex, David, and Calhoun or their descendants.

Sometime after the will was probated, a dispute arose between the co-executors and co-trustees over the administration of the estate and the by-pass trust, pitting Mary and Calhoun against Alex and David. Alex and David filed petitions for accounting and damages for breach of duties as executors and trustees against Mary and Calhoun, and sought the removal of Mary and Calhoun as executors and trustees in probate court. Mary and Calhoun each moved for summary judgment on all claims and the superior court granted their motions. Alex and David appealed those rulings.[1]

In the first appearance of this case before this Court, we reversed the trial court's grant of summary judgment to Calhoun in an unpublished opinion. See *Peterson I*. One month later, the Georgia Supreme Court in *Peterson II* reversed the trial court's grant of summary judgment to Mary for similar reasons. Both cases held that material issues of fact remained with respect to Appellees' failure to fully fund

[1] The order granting Mary's motion for summary judgment was entered on November 28, 2016. Appellants filed their notice of appeal on December 13, 2016, prior to the effective date of the Appellate Jurisdiction Reform Act of 2016. *See* Ga. L. 2016, p. 883, § 6-1 (c). Mary's appeal was decided by the Supreme Court shortly after we issued our opinion regarding Calhoun. See *Peterson II*, 303 Ga. 211 (811 SE2d 309) (2018). The order granting Calhoun's motion for summary judgment was entered February 6, 2017, which mirrored the trial court's order granting summary judgment to Mary. See *Peterson I*, 344 Ga. App. XXVIII (Case No. A17A2025) (February 27, 2018) (unpublished).

5

the trusts at issue in the case and whether Appellees wasted assets. See *Peterson I*, at page 7-8, 10; *Peterson II*, 303 Ga. at 215-217.

In January 2016, Mary demanded that all assets in the marital trust be turned over to her. In September 2016, Mary further demanded that all assets of the by-pass trust be turned over to Calhoun. Appellants refused to execute the documents that would effectuate Mary's demand. In response to Appellants' refusal, Calhoun filed a petition to remove Appellants as trustees or in the alternative to compel the trustees to transfer property. Calhoun and Mary also filed separate motions for summary judgment. The trial court granted Calhoun's petition to remove Appellants as trustees if they failed to execute the documents withing 15 days and granted Appellees' motions for summary judgment on all of Appellants' claims except those related to past support and proper funding of the by-pass trust. This appeal followed.

1. Appellants first argue the trial court erred by finding, as a matter of law, that Mary did not owe Appellants a fiduciary duty when she exercised her power of appointment under both the marital and by-pass trusts. We agree.

Citing *Connecticut Bank & Trust Co. v. Lyman*, 148 Conn. 273, 280-281 (170 A2d 130) (Conn. 1961), a Connecticut Supreme Court of Errors decision, the trial

6

court held that under the terms of the will, Mary, in her capacity as a beneficiary of both trusts, could exercise her power of appointment to request the conveyance of property in both trusts without regard to any fiduciary duty she may have as a trustee. The trial court concluded that Appellants, as trustees, owe a fiduciary duty to Mary to execute the conveyance documents submitted to them, but that Mary owed no such fiduciary duty to them as co-beneficiaries. The trial court's reliance on *Lyman* in support of its conclusion is incongruent to the facts of this case and laws of this state.

In *Lyman*, the trustee filed an action for construction of a trust instrument after a settlor's wife made a demand for the entire principal of the trust after her husband's death. 148 Conn. at 277. The court held that the wife, as a beneficiary of the trust, was entitled as a matter of right to receive the entire principal of the trust upon her written requests without condition. *Id*. at 282-283. However, *Lyman* is distinguishable from the facts of this case in that unlike the defendant in *Lyman* who was "neither an actual nor quasi trustee," Mary is a trustee of both trusts. See *id*. at 281. We find no case law or statutory authority which would allow a trustee to divorce themselves of their fiduciary duties if they are also a beneficiary under the same trust instrument. Moreover, in *Lyman*, the Connecticut Supreme Court of Errors also held that "where

the life tenant is [herself] constituted a trustee, [she] occupies a quasi-fiduciary or fiduciary relationship with respect to [other beneficiaries]. *Id*. at 281.

Georgia law is clear that "[p]owers, especially of appointment, being always founded on trust or confidence, are peculiarly subjects of equitable supervision." OCGA § 23-2-110. "Georgia trust law requires trustees to administer the trusts solely in the interests of the beneficiaries, and imposes upon them a duty of impartiality[.]" *Rollins v. Rollins*, 338 Ga. App. 308, 313 (1) (a) (790 SE2d 157) (2016) (citation and punctuation omitted). See also, OCGA § 53-12-246. As such, "[t]rustees . . . must administer a trust in good faith, in accordance with its provisions and purposes. They also must exercise the judgment and care of a prudent person acting in a like capacity and familiar with such matters, considering the purposes, provisions, distribution requirements, and other circumstances of the trust." *Rollins*, 338 Ga. App. at 326 (6) (citations and punctuation omitted).

> It is generally, if not always, humanly impossible for the same person to act fairly in two capacities and on behalf of two interests in the same transaction. Consciously or unconsciously he will favor one side as against the other, where there is or may be a conflict of interest. If one of the interests involved is that of the trustee personally, selfishness is apt to lead him to give himself an advantage. If permitted to represent antagonistic interests the trustee is placed under temptation and is apt in

8

many cases to yield to the natural prompting to give himself the benefit of all doubts, and to make decisions which favor the third person who is competing with the beneficiary.

*Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977) (citation and punctuation omitted). It is not necessary to show that the fiduciary succumbed to temptation, but rather, it is sufficient to show that the fiduciary allowed herself to be placed in a position where her personal interest might conflict with the interests of other beneficiaries. See *Bloodworth v. Bloodworth*, 260 Ga. App. 466, 471 (1) (579 SE2d 858) (2003).

In the present case, the potentiality of conflicts of interests with respect to Mary's requests for conveyance of all property in the by-pass trust to Calhoun is well documented in the litany of litigation that has transcended decades among the co-trustees and co-beneficiaries. As we find no law which could excuse Mary from her fiduciary duty under the trust, even if acting solely as a beneficiary under the trust, we find that the trial court erred in concluding that Mary could act exclusively in her capacity as a beneficiary of both trusts in exercising her appointment power to convey trust assets.

Additionally, the trial court's order does not comport with the prior appellate decisions in this case. As both this Court and the Georgia Supreme Court previously found, the primary purpose of the by-pass trust is to support both Mary and Mr. Peterson's children. See *Peterson II*, 303 Ga. at 215; *Peterson I*, 344 Ga. App. XXVIII at page 8. "In construing an express trust, we look first and foremost to the language therein and interpret that language to effectuate the intent of the settlors." *Ovrevik v. Ovrevik*, 242 Ga. App. 95, 97 (1) (527 SE2d 586) (2000) (citation omitted). "The cardinal rule in construing a trust instrument involves discerning the intent of the settlor and effectuating that intent within the language used and within what the law will permit." *SunTrust Bank v. Merritt*, 272 Ga. App. 485, 488 (1) (612 SE2d 818) (2005) (footnote and punctuation omitted). The Supreme Court noted in *Peterson II*, that although

> one of the primary purposes of the bypass trust was to support Mary [it] is not incompatible with and does not permit [Mary, as trustee] to ignore the other primary purpose of that trust—the support of [Appellants] if, in the discretion of the trustees, doing so is in accordance with the terms and purposes of the trust. . . . Mary's mere right as a beneficiary to direct that property be turned over to her or a descendant by a written instrument given to the trustees does not diminish her duty as an executor and trustee not to waste property of the estate or trusts while

10

that property, as the record currently shows, remains a part of the estate or trust.

303 Ga. at 215-216 (2)-(3). Thus, Mary's fiduciary duties to all beneficiaries of the trust as a trustee and executor of the will remain in effect and Mary must "exercise the degree of care and skill as a person of ordinary prudence would exercise in administering the trust." *Citizen & Southern Nat. Bank v. Haskins*, 254 Ga. 131, 134 (327 SE2d 192) (1985) (citation omitted). As such the trial court erred by granting the petition for removal of Appellants as trustees and concluding that Appellants breached their duty as trustees to Mary by refusing to execute the conveyance documents submitted to them for the conveyance of all the principal assets of both trusts.

2. Appellants next argue that the trial court erroneously granted summary judgment on all Appellant's claims with the exception of those claims for "breach of fiduciary duty for failing to provide past support to [Appellants] as may be authorized by the terms of the [by-pass trust] and with regard to proper funding of the trust." We agree.

Because we held in Division 1 that the trial court erred in its determination that Appellants breached their duty as fiduciaries of the trusts by refusing to convey all

assets in the trusts to Appellees which thereby leaves the trusts intact and not completely distributed, we find summary judgment was not authorized on Appellants' claims of breach of fiduciary duty with respect to the marital trust or allegations of waste of the assets of the by-pass trust, with regard to claims for future benefits. As both this Court and the Georgia Supreme Court held in the prior appeals of these cases, several issues of material fact exists as to the failure to properly fund the trusts and questions regarding waste of trust assets. See *Peterson II*, 303 Ga. 217 (3); *Peterson I*, 344 Ga. App. XXVIII at pages 8-11. Thus, the law of the case doctrine applies and the trial court erred in granting Appellees' motions for summary judgment on Appellants' claims. See *Choate Constr. Co. v. Auto-Owners Ins. Co.*, 335 Ga. App. 331, 339 n.50 (779 SE2d 465) (2015) citing *Bruce v. Garges*, 259 Ga. 268, 270 (2) (379 SE2d 783) (1989) (holding that the law-of-the-case rule applied because "the same parties and issues are involved and the evidentiary posture of the case remains the same"); *IH Riverdale, LLC v. McChesney Capital Partners, LLC*, 292 Ga. App. 841, 844 (666 SE2d 8) (2008) (holding that the prior ruling of this Court was law of the case because, inter alia, the arguments and evidence presented in the current and previous appeals were similar); *Davis v. Silvers*, 295 Ga. App. 103, 105-106, (670 SE2d 805) (2008) (holding that the law-of-the-case rule applied to a

12

summary-judgment ruling on a particular claim when we previously held that there were no genuine issues of material fact regarding that claim and the evidence that was submitted after our decision did not address the critical issue at hand).

3. Given our holding in Divisions 1 and 2, we need not address Appellants' remaining enumeration.

*Judgments reversed. Doyle, P. J., and Markle, J., concur*.